**FILED**
September 16, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: SAF
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**(1) CHRISTIAN FELIPE RODRIGUEZ PERAZA**<br><br>**(3) BRENDA TAMAYO CORONA**<br><br>**Defendants.** | **5:24-CR-476-DAE** |

**AGREED PROTECTIVE ORDER**

On this date came to be considered the Agreed Motion Seeking a Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1), in the above entitled and numbered cause. The Court, having considered the same, finds that the parties have agreed to the issuance of the proposed Agreed Protective Order and that the issuance of a Protective Order is consistent with the Local Rules for the Western District of Texas which are designed to protect the disclosure of sensitive and confidential information not third parties, and that good cause exists for the issuance of a Protective Order pursuant to Fed. R. Crim. P. 16(d)(1) Accordingly, the Court **GRANTS** the Motion and enters the following order:

IT IS ORDERED that, given the sensitive nature of discovery material in this cause, the dissemination of any discovery materials to any person other than the Defendant, the attorneys of record for the Defendant in this case, the attorneys' employees, and members of the defendant team, to include experts and investigators in this case, is prohibited. Dissemination to the Defendant's family members is expressly prohibited. The attorneys for the Defendant are not

prohibited from showing or discussing any provided discovery with witnesses and potential witnesses, only from providing, disseminating, or copying any discovery to those witnesses and potential witnesses.

IT IS FURTHER ORDERED that no Defendant, attorney, employee of that attorney, or member of defense team in the above-captioned cause shall release any discovery provided to them by the Government to any person except as provided above. In the event any written or electronic discovery is provided to the defense, the attorneys may **provide** such discovery to their employees, investigators, experts and client. However, the Defendant Defendants' attorneys, the attorneys' employees, and members of the defense team may **not reproduce or disseminate** any discovery, or copies of discovery to anyone, except as provided above. Further, the Defendant is prohibited from sharing, showing, providing, discussing or otherwise disclosing discovery materials and the contents thereof to anyone except for his attorneys, his attorneys' employees, and the defense te4am, to include experts and investigators.

IT IS FURTHER ORDERED that if counsel provides a copy of discovery materials to any expert, investigator, witness, or other defense team member, defense counsel must document such dissemination and confirm that the recipient has been advised of the contents of this order.

IT IS FURTHER ORDERED that if counsel for the Defendant is substituted in this cause, all discovery materials, including copies thereof, shall immediately be returned to counsel of record for the Government or held in the custody of counsel for the Defendant to protect against the disclosure of privileged information and/or attorney work product, who will be obligated to provide a copy of the discovery materials to new counsel for the Defendant in this case upon new counsel acknowledging his or her obligations under this Order.

FINALLY, IT IS ORDERED, that a copy of this Order shall be furnished to counsel of

record in this case, the attorneys' employees, the Defendant, and any member of the defense team who is provided any materials produced in discovery. Additionally, a copy of this Order shall be provided to any successive counsel of record in this case who enter an appearance after the date of this Order.

SIGNED AND ENTERED this 16th day of SEPTEMBER 2026.

HON. DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE